JOHN BLACK, PLAINTIFF IN ERROR, v. THE COMMISSIONERS OF SAUNDERS COUNTY, DEFENDANTS IN ERROR.

Board of County Commissioners: ACTION OF, UPON CLAIMS AGAINST THE COUNTY: FORMAL JUDGMENT NOT REQUIRED: APPEAL FROM. While the commissioners, in passing upon claims against the county, act judicially, it is not essential or even proper for them to enter a formal judgment after the manner of courts of law. It is sufficient if it appear that the claim was duly presented, and that it was allowed or rejected. Great formality in this matter is not required of them. When the record of the proceedings of the board, as kept by the county clerk, shows the proper presentation of the claim, and that they refused to grant it, this is enough to authorize an appeal by the claimant to the district court.

ERROR from the district court for Saunders county.

*Woolworth & Munger*, for plaintiff in error, cited *Jefferson v. Besley*, 5 Wis., 134.  *Warner v. Board of Supervisors*, 19 Wis., 611.

*Clinton Briggs* for defendant in error.

1.  We refer the court to sections 34, 35, 38, and 39 (G. S. 238–239).  The last section requires the clerk "to record in a book, etc., *all* proceedings of the board."  The aggrieved party may "appeal from the decision" (sec. 34), and the clerk shall make a "complete transcript of the proceedings" (sec. 35).  The "decisions and proceedings" of the board must be recorded by the clerk, and he must sign the record and

attest it by the county seal. The proceedings of the board are of great interest to the public, and the provision is a wise one which requires a permanent record to be made. Courts will not encourage laxity in this matter.

2. It does not appear that the board ever acted upon Black's claim—that is, aside from rumor or the clerk's statement. There is no order or decision of the board. A transcript that did not show any order or judgment of the district court, but only a statement of the clerk as to what he thought the action of the court was, would not last long in this court.

LAKE, J.

The question presented by the record in this case is, whether the appeal from the board of county commissioners to the district court was properly taken and perfected. The court below held it was not, and on motion of the defendant, entered an order of dismissal. In this we think there was error.

This action of the district court was most likely taken because of the want of a formal judgment by the county commissioners on the plaintiff's claim, the transcript of their proceedings thereon showing merely that they "refused to grant the claim." But whatever the ground of the dismissal of the appeal may have been, it was clearly in violation of the plaintiff's right to have his cause tried in that court on appeal.

By the second subdivision of section 14, Ch. 13, Gen. Statutes, it is provided that the board of county commissioners at any meeting shall have power "to examine and settle all accounts of the receipts and expenditures of the county, and allow all accounts chargeable against the county," etc. Now while the commissioners, in passing upon claims against the county presented

for their allowance, act judicially, it is not essential or even proper for them to enter a formal judgment after the manner of courts of law in the determination of actions before them. It is sufficient if it appear from the records, kept by the county clerk, that the claim was duly presented, and that it was allowed or rejected. Great formality in this matter is not to be expected of them, nor is it required. The transcript filed in the district court in this case shows that the plaintiff's claim was duly presented at the July meeting of the board of county commissioners, by petition setting forth in detail the particulars of the demand, "which said petition said board of county commissioners refused to grant." This was equivalent to saying that the claim was disallowed. It was a final disposition of the claim by the board. It was a rejection of the demand.

Section 34, Ch. 13, General Statutes, provides that: "Any person who shall be aggrieved by any decision of the board of commissioners, may appeal from the decision of the board to the district court of the same county," etc., by serving notice and giving bond as therein directed. All of the requirements to entitle the plaintiff to have his case heard in the district court seem to have been complied with, and we are of opinion that his appeal should be re-instated.

REVERSED, AND APPEAL RE-INSTATED.