STATE, EX REL. JULIUS THIELE, V. I. G. SLOCUM ET AL.

[FILED MARCH 30, 1892.]

1. County Board: RULINGS ON CLAIMS AGAINST COUNTY: AP-
   PEAL. An appeal will lie from the action of a county board in
   allowing or rejecting claims against the county, but to author-
   ize such an appeal it must appear from the proceedings of the
   board that they have taken final action upon such claim by
   either allowing or rejecting the same in whole or in part.

2. ———: ———: MANDAMUS: SET-OFF. *Mandamus* will issue in a
   proper case, to compel a county board to act upon a claim against
   the county where final action has been refused, but in a pro-
   ceeding in *mandamus* the court will not determine the validity
   of any offset set up by the county.

ORIGINAL application for *mandamus*.

*J. C. Crawford,* and *T. M. Franse,* for relator, cited:
*State v. Lancaster Co.,* 20 Neb., 419; *Smalley v. Yates,* 36
Kan., 519; *People v. Thompson,* 25 Barb. [N. Y.], 73;
*People v. Green,* 29 Mich., 121; *Fitch v. McDiarmid,* 26
Ark., 482; *Reading v. Commonwealth,* 11 Pa. St., 196;
*Draper v. Noteware,* 7 Cal., 276; *State v. Silver,* 9 Neb.,
85; *Richardson Co. v. Mussleman,* 25 Id., 624.

*P. M. Moodie, contra,* cited: 1 Black, Judgments, sec.
42; 2 Id., sec. 532; *Bond v. Marx,* 53 Ala., 177; *Brady
v. Burke,* 27 Pac. Rep. [Cal.], 52; *Home for Inebriates v.
Kaplan,* 84 Cal., 488; *Condee v. Barton,* 62 Id., 5; *Black
v. Saunders Co.,* 8 Neb., 440; *R. Co. v. Harlan,* 24 Cal.,
337; *Hunter's Private Road,* 46 Pa. St., 250; *Saunders v.
Frost,* 5 Pick. [Mass.], 259; *Pearce v. Chastain,* 3 Kelly
[Ga.], 230; *Robinson v. Cropsey,* 2 Edw. Ch. [N. Y.], 148;
*Cowles v. Whitman,* 10 Conn., 121; *McNeil v. Call,* 19 N.
H., 403; *People v. Dutchess Co.,* 1 Hill [N. Y.], 50; *Peo-
ple v. Nostrand,* 46 N. Y., 375.

NORVAL, J.

This is an application for *mandamus* to compel the county board of Cuming county to act upon the claim of relator filed with said board, for making the tax list of said county for the year 1888.    After issue was joined, the cause was referred to J. E. Frick, Esq., to take the testimony and report the same to the court with his findings of fact and conclusions of law, which report has been filed.    The cause is submitted on the exceptions filed thereto by the respondents.

On the 9th day of March, 1891, the relator filed a duly verified claim against Cuming county, for preparing the tax list for 1888, in the sum of $634.24, besides interest.    Respondents refused to act upon said bill.    It is conceded by respondents that relator was entitled to the amount claimed for making the tax list, but it is contended that final action has been taken upon the claim, and further, that relator is indebted to the county on account of fees collected by him as county clerk in a sum greatly in excess of the amount of his said claim, which fees, it is alleged, he has failed to enter on his fee book or report to the county board.

It appears that on January 7, 1889, the relator filed his bill with the county board in the sum of $1,564.33, for making the tax list of said county for the year 1888, which was allowed on the 10th day of said month.    Subsequently, on the 23d day of January, the county board reconsidered their action and rescinded the order allowing said claim on the ground that the amount was excessive. On the same day the committee theretofore appointed by the county board, to make settlement with county officers, made a report to the board that there was $586.68 due relator for making said tax list, and that there was due from him to the county for fees received by him, and not entered on the fee book, the sum of $834.56.    This report was adopted by the board, but no other or further action was taken on said claim at that time.

27

It cannot be successfully contended that the action of the board in adopting said report of the committee was either an allowance or rejection of the relator's claim. It was not a final adjudication, nor such an order as an appeal therefrom to the district court could have been successfully prosecuted. The relator attempted to take an appeal. All the statutory steps for that purpose were taken, including the filing of the transcript of the proceeding of the county board in the district court, but the appeal was dismissed by the court on motion of the county attorney on the ground that the order appealed from was not a final order. This holding of the district court is conclusive upon both relator and respondents, and neither can now claim that the action taken by the respondents on January 23, 1889, was a final adjudication of relator's claim, or that the same is a bar to a further consideration of the same by the board of supervisors of Cuming county.

It also appears that the county board, on July 13, 1889, adopted a report of the committee on settlement with county officers, in which it was found that there was due relator for making the tax list $634.24, and the sum of $100 for one quarter's salary as clerk of the board, and that there was due the county from the county clerk $783.71 on account of fees collected and not entered by him on his fee book. No further action was taken upon the claim of relator at that time. Subsequently, on January 16, 1890, the following report was made to the board of supervisors:

"We, your committee on settlement with county officers, beg leave to report that we find the county clerk, Julius Thiele's account stands as follows:

Total fees for recording instruments from January 1, 1889, to January 8, 1890 ..............$2,230 90

Warrants received for three quarters' salary ...... 300 00

Warrants received for assessment and equalizing books ........................................................... 200 00

Warrants received for making overseers' books... 150 00

          Total received from all sources .............$2,880 90

Balance due from Mr. Thiele from settlement by
board according to record on journal, July 13,
1889...................................................... $49 47

    Total Dr....................................... .........$2,930 37

CREDITS.

Salary county clerk, per statute.....................$1,500 00
Salary deputy, by order of board ................... 700 00
Salary clerk, by order of board........... ......... 600 00
Balance due, to be turned into county treasury.... 130 37

                                    $2,930 37

"Your committee would recommend that the county
clerk be directed to charge himself on fee book with the
above warrants for clerk hire and making assessments,
equalizing, and overseers' books for 1889, and also, in the
future, all warrants received by him be entered on the fee
book."

This report was accepted and adopted, but no other ac-
tion was taken by said board. We are of the opinion that
the action of the board of supervisors does not amount to
either an allowance or rejection of relator's claim. By
adopting the report of the committee the board merely
made the findings of the report, as to the state of the ac-
count between relator and county, its own.

In *Black v. Saunders Co.*, 8 Neb., 440, the court say:
"While the commissioners, in passing upon claims against
the county, act judicially, it is not essential, or even proper,
for them to enter a formal judgment after the manner of
courts of law. It is sufficient if it appear that the claim
was duly presented, and that it was allowed or rejected."
Squared by this rule it is obvious that there has been no
final disposition of the claim of the relator by the county
board. If, as contended, it was the purpose of respond-
ents to offset the claim of the county against the relator
for unreported fees, an entry upon the records of the board

that his account was for that reason disallowed, would have been sufficient.

Complaint is made because the referee rejected the testimony offered by respondents for the purpose of establishing the set-off claimed by the county against relator's demand. The ruling of the referee upon that subject was proper and has our approval. Neither the legality nor extent of such set-off is involved in this proceeding. The purpose of this action is not to compel the allowance of relator's account, but merely to require respondents to take final action thereon. Whether such account should be allowed in whole or in part, or be entirely rejected, cannot be adjudicated in a proceeding by *mandamus*, but must be determined in the first instance by the county board when they come to take final action upon the claim. If relator is indebted to the county on account of fees received by him as county clerk, which he has failed to report or enter upon his fee book, the same may be set off against the claim of relator. The exceptions to the report of the referee are overruled, the report confirmed, and a peremptory writ of *mandamus* will issue as prayed.

WRIT ALLOWED.

THE other judges concur.