## PERKINS COUNTY V. KEITH COUNTY.

FILED MARCH 22, 1899.   No. 8833.

58  323
60  575

1. **Counties:** ALLOWANCE OF CLAIMS: CONSTRUCTION OF STATUTE. Section 37, article 1, chapter 18, Compiled Statutes 1897, regarding the audit and allowance of claims against a county by the board of county commissioners, is not a grant of power to such board, but is a provision regulating the exercise of the power granted in section 23 of said chapter.

2. **Formation of New County:** DIVISION OF PROPERTY. Where a new

county is formed out of the territory of a county previously organized, the county boards of the two counties are authorized by section 16, article 1, chapter 18, Compiled Statutes 1897, to meet and agree upon a division of the corporate property and of the corporate liabilities.

3. ——: ——: ACTIONS. If, in making such division, and as an incident thereof, a balance is found due from one county to the other, and such balance is definitely settled and agreed upon so that there remains nothing upon which the county board of the debtor county can thereafter exercise judgment or discretion, the claim may be the subject of an original action in the district court, and need not be presented to the county board for examination and allowance.

ERROR from the district court of Perkins county. Tried below before GRIMES, J. *Affirmed.*

*George H. Hastings, B. F. Hastings, C. P. Logan,* and *H. E. Goodall,* for plaintiff in error.

*Albert Muldoon, Duffie & Van Dusen, Robert Ryan,* and *J. W. McSay, contra.*

SULLIVAN, J.

The plaintiff the county of Keith, in its petition, alleged:

"1. That it was duly organized as a county in the year 1883; that its territory consisted of the territory now included in the county of Keith and the county of Perkins, the plaintiff and defendant in this action; that the county boundaries of the plaintiff county continued as above until on or about January 27, 1888, when the defendant county was duly organized and the officers of the defendant county assumed charge of its county government.

"2. That in accordance with section 16 of chapter 18 of the Compiled Statutes of Nebraska of 1897 the county boards of the said counties of Keith and Perkins proceeded to divide all the property, both real and personal, and all the debts and liabilities and choses in action of every kind belonging to county of Keith, the county from which the county of Perkins was formed, and it was

found by the said boards upon said division that there was due and owing to the plaintiff from the defendant the sum of twenty-five hundred and four and 65-100 dollars.

"3. That the county board of the defendant accepted the said amount as the amount owing plaintiff by defendant on account of the division above stated, and caused their acceptance to be spread upon their records in January, 1889.

"4. That the county board of the plaintiff accepted the said amount owing plaintiff by defendant on account of the division of property and liabilities as above stated.

"5. That said amount was accepted by the county boards of both the plaintiff and defendant counties as the amount justly owing plaintiff by defendant after charging defendant with its legal proportion of the liabilities of the plaintiff and crediting the defendant with its legal proportion of the property and choses in action of the plaintiff.

"6. That the defendant refuses to pay the said amount, or any part thereof, although often requested, to do so.

"7. That no part of said amount has been paid, and there is now due the plaintiff from the defendant the sum of twenty-five hundred and four and 65-100 dollars ($2,-504.65), together with interest on the same at the rate of seven per cent per annum from the 1st day of February, 1889."

Both by demurrer and answer the defendant the county of Perkins challenged the jurisdiction of the court to hear and determine the cause. The court held that it possessed jurisdiction, and, after hearing the evidence, found the issues in favor of the plaintiff and rendered judgment accordingly. The defendant prosecutes error.

It is perfectly plain that the petition was framed on the theory that the commissioners of the two counties had met to effect a division of their property and liabilities, and had, at such meeting, agreed that the defendant was indebted to the plaintiff in the sum of $2,504.65,

The evidence affords an inference that the facts alleged were true. An admission of the indebtedness claimed is found in the record of the proceedings of the county board of Perkins county; and the witness Sheridan testified that the demand in suit was a balance agreed to at a conference between representatives of Keith county and the commissioners of Perkins county. Presumably the representatives referred to by the witness were the plaintiff's commissioners, who alone had authority to treat with commissioners of Perkins county for the purpose of adjusting the difference between the two counties.

But the serious question in the case—the one to which attention is chiefly directed in the briefs of counsel—relates to the authority of the district court to entertain the action. On behalf of the defendant it is earnestly insisted that the county board of Perkins county is given exclusive original jurisdiction of the class of claims to which the one in controversy belongs. Section 23, chapter 18, Compiled Statutes 1897, confers on the county board of each county power "to examine and settle all accounts against the county, and all accounts concerning the receipts and expenditures of the county." Section 37 of the same chapter is in part as follows: "Before any claim against a county is audited and allowed, the claimant, or his agent, shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount claimed is due and unpaid after allowing just credits." From the language just quoted it is entirely clear that section 37 is not a grant of power to the county board, but rather a provision regulating the exercise of the power granted in section 23. It results from this conclusion that an account is the only claim which a county board is authorized to "examine and settle" or audit and allow. It has been frequently held that the word "claim," as used in section 37, has a restricted signification; that it refers to

demands arising *ex contractu* and not to those founded
upon torts. (*Richardson County v. Hull*, 24 Neb. 536; *Ful-
ler v. Colfax County*, 33 Neb. 716; *Douglas County v. Taylor*,
50 Neb. 535.)   In *Stringham v. Board of Supervisors of Win-
nebago County*, 24 Wis. 594, it was held, under statutory
provisions quite similar to those above quoted, that the
jurisdiction of the county board was limited to the ex-
amination and allowance of claims and demands arising
out of some express or implied contract · or of some
fiduciary relation.   While some of our decisions un-
doubtedly extend the meaning of the word "account" be-
yond the limits set by lexicographers, yet no case, we are
sure, has gone to the length of holding that a single de-
mand, the amount and validity of which has become un-
alterably fixed, must be presented to the county board to
be audited and allowed.   In *Kemerer v. State*, 7 Neb. 130,
it was held that where the compensation of a public offi-
cer is definitely fixed by law the duty of the county board,
in connection with his claim based on official services,
is ministerial merely, "because," says GANTT, C. J., "the
board has no judgment or discretion to exercise in the
matter."   In this case, according to the finding of the
trial court, the commissioners of the two counties met
in joint session, and after due deliberation agreed that
as a result of the division of their property and liabilities
the defendant was indebted to the plaintiff in the sum
of $2.504.65.   This amount, then, was established as a
fixed and absolute charge against Perkins county.   It
was established by the county board as the result of an
examination and adjustment of mutual demands.   When
the amount of the defendant's liability was settled by
contract, there remained nothing in regard to the matter
upon which its commissioners could exercise discretion.
There was nothing to examine and adjust or audit and
allow.   It would be a work of supererogation for the
commissioners to examine and allow a claim which, un-
der the authority of the statute, they had already fully
examined and legally allowed.   The judgment of the

district court is manifestly just and technically right. It is

AFFIRMED.

HARRISON, C. J., dissents.