THOMAS F. KECKLER, APPELLANT, V. MODERN BROTHER-
HOOD OF AMERICA, APPELLEE.

FILED OCTOBER 4, 1906.   No. 14,440.

Directing Verdict. Where there is an entire failure of proof to sustain a material allegation of the plaintiff's petition put in issue by the answer, the action of the district court in directing a verdict for the defendant will be sustained.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. Affirmed.

A. N. Sullivan, for appellant.

Byron Clark, contra.

JACKSON, C.

The defendant is a fraternal-beneficial association organized under the laws of Iowa with authority to transact

business in Nebraska. It issues certificates providing for indemnity in case of death, benefits for total disability occasioned by old age, and accident insurance. It is, by its charter, exempted from liability for accident to those of its members who, when received into the order, have a defective hand, arm, foot, leg or eye. On March 15, 1901, the plaintiff applied for membership through a local lodge in Cass county. The medical examination disclosed that his right eye was injured when he was an infant six years of age, causing a loss of sight in that eye. On April 8, following the application and examination, the supreme lodge issued its certificate containing provisions for payment of death loss and permanent disability benefits. Through that portion of the certificate providing for accident insurance had been drawn diagonally ten red ink lines. The certificate in this condition was delivered to the plaintiff, who on September 14, 1903, sustained an injury resulting in a broken leg. He claimed liability on the part of the association, which was denied; hence this action.

The petition, omitting the formal parts, is as follows: (1) "The plaintiff complains of the defendant, for that at the time hereinafter mentioned defendant was and now is a corporation duly organized with lawful authority to issue policies of life and accident insurance. (2) On or about the 8th day of April, 1901, said defendant, in consideration of the sum of $15, made and delivered to plaintiff its policy of insurance in writing on the life of plaintiff and against accident, in the sum of $100, if plaintiff should by accident receive a broken leg. (3) On or about the —— day of September, 1903, and while said policy was in full force, said plaintiff received a personal injury, accidently resulting in a broken leg, being an accident insured against by said policy of insurance. (4) The plaintiff duly performed all the conditions of said policy on his part to be performed. (5) Plaintiff has made due proof of said accident in conformity with the requirements of said policy. Said policy is hereto at-

tached, marked Ex. A, and made a part of this petition. (6) No part of said insurance has been paid, and there is now due from defendant to plaintiff thereon the sum of $100, together with interest thereon at 7 per cent. from October 1, 1903, on which sum plaintiff prays judgment, with costs of suit."

The answer put in issue the liability for accidents. At the close of the evidence the court directed a verdict for the defendant and entered judgment thereon. The plaintiff appeals.

As we view the case, the court took the only course justified by the evidence. It seems to be the contention of the plaintiff that the red lines in the contract are for ornamental purposes. This is hardly consistent with the fact. The purpose of these lines on the face of the certificate was clearly to eliminate the feature of accident insurance as provided by the fundamental law of the order. It is an ordinary method of reforming printed blanks to conform to actual contracts. The action being to recover on an express contract, the written instrument failed to sustain the plaintiff's cause of action, and we recommend that the judgment appealed from be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.