C. J. VERGES AND WERNER MULLER, DOING BUSINESS AS THE VERGES SANITARIUM, APPELLANTS, V. MORRILL COUNTY, APPELLEE.

9 N. W. (2d) 221

FILED APRIL 9, 1943. No. 31494.

*Robert J. Bulger* and *H. G. Greenamyre,* for appellant.

*Bern R. Coulter, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an action taken by appeal from the county board of Morrill county to the district court of that county, to recover upon certain claims for hospital care rendered to an alleged resident of Morrill county, and which claims, it was alleged, had been disallowed by defendant's county board. Upon trial the district court, at the close of plaintiffs' case, instructed a verdict for defendant. Plaintiffs appeal. We affirm the judgment of the trial court.

The plaintiffs' evidence shows the following factual situation. The Pletcher family lived in Morrill county, and removed therefrom some two and a half years before the claims here involved arose. Thereafter they were living in Madison county, when on August 31, 1939, Mrs. Magdeline Pletcher was taken to plaintiffs' hospital in a condition requiring hospitalization, for which her husband was unable to pay. The plaintiffs took the matter up with the relief director of Madison county, who in turn telephoned the relief director of defendant county.

The relief director of defendant county had authority to act in emergency cases of "life or death." All other cases were to be investigated by her and reported to the defendant's county board for their decision. The defendant's relief director questioned the place of residence of Mrs. Pletcher, and the liability of the defendant county, but agreed to emergency care until Mrs. Pletcher could be taken to the University Hospital at Omaha. This understanding was between the relief directors of the two counties.

The plaintiffs hospitalized and cared for Mrs. Pletcher, and sent a statement to defendant's relief director for services covering the period from August 31, 1939, to October 1, 1939, in the sum of $142. This the board considered, reduced to $117, and determined that it be paid. However,

a separate "bill" was prepared for that amount, approved and paid, it being the one for care the relief director stated she authorized.

Plaintiffs then sent a claim to the relief director of defendant county for the period of October 1 to 11, and October 17 to November 1, 1939, Mrs. Pletcher having been sent to the University Hospital and returned after six days to plaintiffs' hospital. On November 21, 1939, defendant's relief director wrote plaintiffs questioning some of the charges on this second claim, and questioning liability for charge after Mrs. Pletcher was sent to the University Hospital. On December 5, 1939, the relief director advised plaintiffs that defendant's board had decided that they would not assume the expense of Mrs. Pletcher's care after her return from the University Hospital.

Plaintiffs subsequently sent three additional claims covering the period from November 1, 1939, to February 10, 1940, when Mrs. Pletcher was discharged from the hospital. All of these claims were prepared on plaintiffs' stationery and entitled "Morrill county in account with Verges Sanitarium." With one exception they were sworn to and all were sent by plaintiffs, by direction of the relief director of Madison county, to the relief director of Morrill county, who retained them in her office. They were not presented to the county clerk for filing and were not filed. The one payment made to plaintiffs was, as has been pointed out, made upon a separately prepared statement. These claims were never presented to the county commissioners, except it is shown that defendant's relief director took them with her to the commissioners' meetings, discussed them, and the commissioners informally decided not to allow them. It further appears that the defendant's relief director presented to the county clerk only the claims that the commissioners decided to pay. There is no record in the clerk's office of these claims involved in this litigation, and no record in the commissioners' proceedings, and no time fixed as to when the relief director discussed these matters with the commissioners.

In June, 1940, plaintiff Muller went to Morrill county and discussed these claims with the defendant's board. The relief director was out of the city. He further testified that they told him to take the matter up with defendant's county physician as to the reasonableness of some of the charges, and that they would later take the matter up with their relief director when she returned, further consider the matter and let him "know what they would do about it." He conferred with defendant's physician about the claims. He was never thereafter notified of any disallowance, and there is no evidence that the board ever thereafter took any action on these claims or that plaintiffs requested action thereon.

On November 14, 1940, plaintiffs filed with defendant's county clerk a notice of appeal from the decision of the county board disallowing these claims "at dates unknown to plaintiffs." An appeal bond was filed December 9, 1940.

December 14, 1940, plaintiffs filed a petition on appeal in the district court for Morrill county, alleging among other matters that it was the usual practice of defendant to "ignore the statutory requirements" in the handling of relief claims, set out the manner of handling these claims and separately stated a cause of action on each of said claims, and alleging as to each claim that it was "never properly acted upon and refused or approved as required by law," and that no notice of disallowance was given or record made. To this petition the defendant demurred for the reason, among others, that the petition did not state facts sufficient to constitute a cause of action against the defendant. The trial court sustained the demurrer.

Thereafter plaintiffs filed an amended petition to which a motion to strike several allegations was made and sustained. Thereafter plaintiff filed a second amended petition alleging as to each claim that it had been filed with the assistance director of defendant county, considered by the board, and "disallowed" giving no dates as to when the action was taken. A demurrer was filed to this petition and overruled.

Defendant in its answer denied generally, alleged that the last petition did not state facts sufficient to constitute a cause of action, and that the notice of appeal and bond were not filed within the time required by statute. For reply plaintiffs denied generally, except as to admissions made in the answer.

The pleadings as finally made up tendered directly the issues that the claims were not filed as required by statute and that the claims had been disallowed by the defendant's county board.

At the close of plaintiff Muller's cross-examination, he was asked if in the original petition plaintiffs had not alleged that the claims were never properly acted upon, and refused or approved by the defendant's board of commissioners. Over objection that the case was not being tried on that petition he answered "I know that was the fact."

At the close of plaintiffs' case, defendant moved that the action be dismissed and judgment entered for it or that a directed verdict be granted for the reasons that the evidence failed to show that Mrs. Pletcher was entitled to receive relief from defendant county; that the evidence showed that the claims were never filed with the county clerk; never formally acted upon and neither allowed nor disallowed, and accordingly appealable action had not been taken.

The trial court sustained the motion and directed a verdict for the defendant.

The county board has power "Fifth. To examine and settle all accounts against the county * * * ." Comp. St. Supp. 1941, sec. 26-105. As a "provision regulating the exercise of the power" (see *Perkins County v. Keith County,* 58 Neb. 323, 78 N. W. 630) section 26-119, Comp. St. Supp. 1941, provides: "Before any claim against a county is audited and allowed, the claimant or his agent shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished, as the case may be, were rendered or furnished as therein charged, and that

the amount claimed is due and unpaid after allowing just credits. All claims against a county must be filed with the county clerk within ninety days from and after a time when any materials or labor, which forms the basis of the claim, shall have been furnished or performed."

It is clear that the claims of plaintiffs are claims which must be examined and settled or "audited and allowed." The word "must" as used in the statute is mandatory both as to the filing and the time within which the filing must be made. See *Consolidated Chemical Laboratories v. Cass County*, 141 Neb. 486, 3 N. W. (2d) 920. There is no question but that these claims were never filed with the county clerk, nor was an attempt made to file them with the county clerk, nor is there any record of action taken by the county board. This is not a case such as *State v. Board of County Commissioners of Cass County*, 60 Neb. 566, 83 N. W. 733, where the claim was delivered to the county clerk and that official failed to indorse upon the claim the fact and time of filing. Nor is it similar to *Gibson v. Sherman County*, 97 Neb. 79, 149 N. W. 107, where there was a record showing action by the board "which could not have been done unless it was filed before them." There the record was silent as to filing. Here the record affirmatively shows that there was no compliance with the mandatory provision of the statute.

The conclusion of necessity is that plaintiffs have pleaded and proved that their claims were not filed as required by law. "The jurisdiction of the district court in such matters is derivative, and not original." Defendant on this feature of the case was entitled to have a motion to dismiss sustained. *Shepard v. Easterling*, 61 Neb. 882, 86 N. W. 941.

Section 26-119, *supra*, further provides: "When the claim of any person against the county is disallowed, in whole or in part, by the county board, such person may appeal from the decision of the board to the district court of the same county, * * * " and that, "Upon the disallowance of any claim, it shall be the duty of the county clerk to notify the

claimant * * * in writing, of the fact," etc. This obviously relatès to claims that have been filed in accord with the statute. It is also clear that before an appeal may be taken to the district court the claim must be disallowed in whole or in part, by the county board. *State v. Slocum,* 34 Neb. 368, 51 N. W. 969.

It is quite apparent that the most favorable construction that can be placed upon the evidence as to this feature of the case, even if it is considered that the claims were properly before the board (and we find that they were not for the reasons hereinbefore stated), is that the claims have never been formally acted upon by the defendant county, and have never been allowed or disallowed, but were still pending when the notice, bond and petition on appeal were filed.

This court has said: "Where there is an entire failure of proof to sustain a material allegation of the plaintiff's petition put in issue by the answer, the action of the district court in directing a verdict for the defendant will be sustained." *Keckler v. Modern Brotherhood of America,* 77 Neb. 301, 109 N. W. 157.

Other questions presented need not be, and are not determined.

The judgment of the district court is affirmed.

AFFIRMED.