THE COUNTY OF SARPY, APPELLEE, V. JOHN GASPER ET AL., APPELLEES, JOSEPH E. STRAWN ET AL., INTERVENERS AND APPELLANTS. SCHOOL DISTRICT NO. 1 OF SARPY COUNTY, NEBRASKA ET AL., INTERVENERS AND APPELLEES.

30 N. W. 2d 67

Filed December 12, 1947.   No. 32271.

*Brown, Crossman, West, Barton & Quinlan,* for appellants.

*Orville Entenman, William R. Patrick,* and *Bernard A. Martin,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

KROGER, District Judge.

Appellants, Joseph E. Strawn and Christine S. Marth, executrix of the will of Ralph J. Nickerson, deceased, filed a petition of intervention in the above entitled action, to which demurrers of the County of Sarpy, plaintiff and appellee, and School District No. 1 of Sarpy County, Nebraska, and City of Bellevue, Nebraska,

interveners and appellees, were sustained. Interveners Strawn and Marth elected to stand on their petition and the trial court dismissed the same. From this ruling this appeal was taken.

The facts are not in dispute. In May 1940 a petition by more than ten resident freeholders of Sarpy County, Nebraska, was filed with the county clerk of said county, requesting the board of county commissioners to employ Joseph E. Strawn and Ralph J. Nickerson, special attorneys, to file and prosecute to final determination all actions to foreclose certain tax liens and tax sale certificates.

Pursuant to this petition, and on the same date, the board of county commissioners passed a resolution employing Ralph J. Nickerson and Joseph E. Strawn, special attorneys, and in said resolution directed them "to proceed immediately to bring such actions for the foreclosure of taxes as this Board may direct, and their compensation to be the statutory fee of 10%, to be added in each and every case." As such special attorneys, Strawn and Nickerson prepared and filed 12 separate actions, each containing a number of causes of action, for the foreclosure of tax liens. In all causes of action that went to decree, the court, after finding the amount due on the tax lien, with some variation in wording, found that the actions had been authorized by the board of county commissioners and that Nickerson and Strawn had been appointed by the board of county commissioners to prosecute said action for the plaintiff county, under an agreement between the board and said attorneys that they be paid the ten percent attorney's fee authorized by statute, and found that the fee should be allowed the plaintiffs and made a part of the judgment entered in each cause of action. And again, with some variation in wording, adjudged and decreed that there was due the plaintiff county the amounts set forth for general taxes and special assessments, "and an attorney fee to Ralph J. Nickerson and

Jos. E. Strawn as attorneys for plaintiff in the sum of ten per cent thereof to be taxed as costs * * *."

Sales were had and confirmed, and the ten percent attorney's fees that were taxed as costs are held by the clerk of the district court for Sarpy County, or by the county treasurer of said county, in a special fund.

Appellants filed their petition of intervention in each of the 12 foreclosure actions, seeking payment to them of the attorney's fees that had been taxed as costs. The ruling of the trial court in three of these actions has been brought here for review and the cases were consolidated for briefing and argument.

It is the contention of the appellants that by reason of the contract with the board of county commissioners and the finding and judgment of the trial court, the ten percent charged in each cause of action as attorney's fees became the property of the appellants and should be paid them by the clerk of the district court; that costs are no part of the judgment and are subject to the order of the court; and that the judgment awarding the statutory attorney's fee is res judicata. The position of appellees is that since plaintiff is a body politic and corporate it could exercise only such powers as are granted by statute, and could act only in such manner as by statute provided; that section 23-135, R. S. 1943, provides the exclusive method for the payment of appellants for their services in the tax foreclosure actions and that appellants should have filed their claim for compensation with the county clerk for audit and allowance by the board of county commissioners; that the district court had no jurisdiction to determine and allow the fees to be paid the special attorneys and that, lacking jurisdiction, the judgment allowing such fees was a nullity.

The statute in force when these foreclosure actions went to decree, section 77-2043, Comp. St. 1929, provided that in such actions the court should award the plain-

tiff an attorney's fee of ten percent of the amount found due on the tax lien, to be taxed as costs.

In this state attorney's fees are allowed only in such cases as are provided for by statute. Higgins v. Case Threshing Machine Co., 95 Neb. 3, 144 N. W. 1037. When they are allowed they can be awarded only as provided by statute; in this case that is to the plaintiff, Sarpy County. The statements in the case of Solomon v. A. W. Farney, Inc., 136 Neb. 338, 286 N. W. 254, "While attorney fees are allowed and awarded to the client, they actually belong to the attorney" and "The conclusion is, therefore, that the sum of $350 originally allowed by court orders as attorneys' fees for plaintiff's attorneys, and as such taxed as costs, was at all times the property of the latter," are disapproved, and to that extent the holding in Solomon v. A. W. Farney, Inc., *supra,* is overruled.

Where the attorney's fee is awarded to a county, any claimed right thereto, based on a contract with the county, can only be determined by the filing of a claim with the county clerk for audit and approval by the county board, as provided by section 23-135, R. S. 1943.

This court has consistently held that, on claims arising ex contractu, the board of county commissioners has exclusive original jurisdiction in the examination and allowance of claims against the county. Brown v. Otoe County, 6 Neb. 111; Verges v. Morrill County, 143 Neb. 173, 9 N. W. 2d 221. Likewise it has repeatedly been held that the jurisdiction of the district court on claims arising ex contractu is derivative, and not original. Brown v. Otoe County, *supra;* Shepard v. Easterling, 61 Neb. 882, 86 N. W. 941; Verges v. Morrill County, *supra.*

It cannot be successfully denied that appellants' fees in the instant matter arose ex contractu. The decree of foreclosure on which they base their claim so finds. That no claim was ever filed with the county clerk for

audit, and payment by the board of county commissioners of Sarpy County, is admitted.

Since the services rendered by the appellants were contractual, the district court could obtain jurisdiction only upon appeal from the action of the board of county commissioners and did not have original jurisdiction; consequently its finding and decree that the attorney's fees should be paid to the plaintiffs were a nullity.

For the reasons given, the judgment appealed from is affirmed.

AFFIRMED.