JOSEPH E. STRAWN, APPELLANT, v. COUNTY OF SARPY,
NEBRASKA, APPELLEE, SCHOOL DISTRICT No. 1,
SARPY COUNTY, NEBRASKA, ET AL., INTERVENERS
AND APPELLEES.

49 N. W. 2d 677

Filed November 9, 1951. No. 33024.

*Louis Lightner, Paul I. Manhart,* and *Joseph E. Strawn,*
for appellant.

*Orville Entenman, W. R. Patrick,* and *Gerald E. Collins,*
for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Joseph E. Strawn, plaintiff and
appellant, against the County of Sarpy, Nebraska, de-
fendant and appellee, to recover $6,510.93 with interest
for legal services claimed to have been performed by him
under a written contract entered into by and between
the parties. School District No. 1, Sarpy County, Nebras-
ka, and the City of Bellevue, Nebraska, filed petitions
of intervention in the action in opposition to the claims
of the plaintiff. The action as it was tried in the dis-
trict court is in five causes of action. Each is predicated
on a separate theory on which plaintiff contends he is
entitled to recover the amount named. The first is at

law on contract; the second, at law on quantum meruit; the third is in equity on the theory of estoppel; the fourth, in equity on the theory that to deny a recovery would bring about unjust enrichment of the county; and the fifth is in equity to foreclose an attorney's lien against a special or trust fund.

The case was tried to the court without the interposition of a jury, at the conclusion of which judgment was rendered in favor of the interveners and the defendant.

It is inferable from the transcript filed in this court that this is an appeal from action of the district court in denying a claim of plaintiff against the defendant which claim had been previously filed with the county and denied by the county board. It is also inferable from the transcript that this is an original action against the defendant. There is a transcript from the county board which shows the filing of a claim against the county for $6,510.93 dated January 5, 1948. That transcript shows a denial of the claim dated January 21, 1948.

Plaintiff's third amended petition, which is the one on which the case was tried and is the only petition appearing in the transcript, however, does not identify this action as an appeal from action of the district court denying the claim. The petition recites only that claim was filed on January 5, 1948; that the claim was denied by the board; and that appeal was taken to the district court. It contains nothing with reference to disposition of the appeal lodged in the district court.

Whether the action be treated here as an appeal coming from the county board or an original action in the district court the ultimate result must be the same.

The basis of the action is a claim against a county arising ex contractu. It is clearly pointed out in County of Sarpy v. Gasper, 149 Neb. 51, 30 N. W. 2d 67, that the case could properly come here only by appeal from the district court having come to that court by appeal

agreeable to the terms of section 23-135, R. S. 1943. In that case it was said:

"The county board has exclusive original jurisdiction in the examination and allowance of claims against the county arising ex contractu."

"The jurisdiction of the district court as to claims against a county arising on contract is appellate only."

"A judgment of the district court entered in an original action in that court as to claims against a county for legal services rendered the county is void for want of jurisdiction."

From this it becomes clear that if, as inferable from the third amended petition, it was intended that this should be and become an original action in the district court, that court was without jurisdiction to entertain it.

Treated as an appeal the relief claimed must be denied. This claim in all of its legal aspects has been previously before this court where it was fully adjudicated unfavorably to the plaintiff.

By petition in intervention in County of Sarpy v. Gasper, *supra,* the plaintiff herein and Christine S. Marth, executrix of the estate of Ralph J. Nickerson, deceased, sought to recover for the identical service for which the present claim is made.

The contract which is the basis of the action here as well as there was one entered into jointly by Ralph J. Nickerson and Joseph E. Strawn on the one side and the County of Sarpy on the other. By the petition of intervention there the interveners' effort was to recover the entire amount claimed to be due under the contract, whereas in this action the plaintiff seeks to recover one-half of that amount, or as he says, his share of the avails of the contract. This constitutes the only difference between the two actions.

The judgment of the district court is affirmed.

AFFIRMED.