JOSEPH E. STRAWN, APPELLEE, v. COUNTY OF SARPY, NEBRASKA, APPELLANT, SCHOOL DISTRICT No. 1, SARPY COUNTY, NEBRASKA, ET AL., INTERVENERS-APPELLEES.

58 N. W. 2d 168

Filed April 10, 1953. No. 33292.

*Orville Entenman,* for appellant.

*William R. Patrick,* for interveners-appellees.

*Joseph E. Strawn,* pro se.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.
This appeal arises from certain proceedings had in the case of Strawn v. County of Sarpy, 154 Neb. 844, 49 N. W. 2d 677. The action as it was tried in the district court was in five causes of action. The plaintiff Strawn sought to recover $6,510.93, which constituted one-half of the attorney fees claimed by him from Sarpy County by virtue of a contract entered into by the plaintiff and one Ralph J. Nickerson, practicing attorneys in Sarpy County, with the board of county commissioners of said county to conduct tax foreclosure proceedings and to receive as attorney fees 10 percent of the amount found due in such actions. The trial court denied

the claim. An appeal was taken to this court. This court held that county boards have exclusive original jurisdiction in the examination and allowance of claims against the county arising ex contractu; that the jurisdiction of the district court as to claims against a county arising on a contract was appellate only; and that a judgment of the district court entered in an original action in that court as to claims against a county for legal services rendered to the county was void for want of jurisdiction. The court further held that all questions raised in this case had been previously determined.

A brief résumé of a part of the litigation between the same parties might be appropriate at this point. In this connection we make reference to the case of County of Sarpy v. Gasper, 149 Neb. 51, 30 N. W. 2d 67. Joseph E. Strawn and the executrix of the estate of Ralph J. Nickerson, deceased, filed a petition of intervention in the cited case to which the County of Sarpy, plaintiff-appellee, and School District No. 1 of Sarpy County, and the City of Bellevue, Nebraska, interveners-appellees, demurred to the petition of intervention of Strawn and the executrix. The district court sustained these demurrers. Such interveners elected to stand on their petition. The district court dismissed the same. From this ruling an appeal was taken.

The contention of the interveners, Strawn and the executrix of the estate of Nickerson, on appeal in that case was that by reason of the contract entered into by Strawn and Nickerson with the board of county commissioners of Sarpy County and the finding and judgment of the district court, the 10 percent charged in each cause of action constituting attorney fees became their property and should be paid to them by the clerk of the district court; that the costs were not a part of the judgment and were subject to the order of the court; and that the judgment awarding attorney fees was res judicata.

The position of the appellees was that Sarpy County was a body politic and corporate; that it could only exercise such powers as were granted by statute, and could only act in such manner as by statute provided; that section 23-135, R. S. 1943, provided the exclusive method of payment of appellants for their services in the tax foreclosure actions; that appellants should have filed their claims for compensation with the county clerk for audit and allowance by the board of county commissioners; and that the district court had no jurisdiction to determine and allow fees to be paid special attorneys and, lacking that jurisdiction, the judgment allowing such fees was a nullity.

Section 77-2043, Comp. St. 1929, then in force, provided in part: "* * * shall award to the plaintiff an attorney's fee equal to ten per cent of the amount found due, which shall be taxed as part of the costs in the action and apportioned equitably as other costs."

This court held that the county board had original jurisdiction in the examination and allowance of claims against the county arising ex contractu; that the jurisdiction of the district court as to a claim arising on a contract was in the capacity of an appellate court; and that a judgment of the district court entered in an original action in that court as to a claim for legal services rendered to the county was void for want of jurisdiction, which is precisely the same holding as in the instant case. This court also held in the above-cited case that in this state attorney fees are allowed only in such cases as are provided for by statute. Higgins v. Case Threshing Machine Co., 95 Neb. 3, 144 N. W. 1037. When such attorney fees are allowed they can be awarded only as provided by statute, in this case to the plaintiff, Sarpy County.

In the instant case the interveners, School District No. 1 of Sarpy County, and the City of Bellevue, Nebraska, filed petitions in intervention claiming a present beneficial interest in the subject matter of the action. Inso-

far as the attorney fees in question are concerned, interveners pleaded the same were barred for failure of the claimants to file their claims for attorney fees in conformity with section 23-135, R. S. 1943. Each of the interveners prayed that the plaintiff's appeal and petition be dismissed and interveners recover their costs expended.

The interveners joined with the county in an answer to the third amended petition which contained five causes of action upon which the plaintiff sought to recover. The answer, in addition to denying generally the allegations of the third amended petition not admitted, interposed the defense of res judicata, and that the claim for attorney fees was barred for failure to comply with section 23-135, R. S. 1943. Sarpy County and the interveners prayed for dismissal of the appeal and of the plaintiff's petition, and to recover costs expended.

The trial court dismissed the appeal and plaintiff's petition. On December 27, 1951, mandate issued out of the Supreme Court wherein the judgment of the district court was affirmed in the instant case. On February 5, 1952, the district court entered judgment on the mandate dismissing the plaintiff's case at plaintiff's costs.

Thereafter, on or about June 5, 1952, School District No. 1 of Sarpy County, and the City of Bellevue, Nebraska, the interveners, filed a motion in the district court in the instant case to require the county treasurer of Sarpy County to distribute the proceeds, both principal and interest, of the tax foreclosure actions known as the Bellevue tax foreclosures, in his hands, to the several municipal subdivisions of government by, or for whom, said taxes were levied. Sarpy County filed objections to the effect that the district court was without jurisdiction to hear and determine the matter for the reason that the cause of action in the instant case was dismissed in accordance with the mandate of the Supreme Court. The county further objected to the jurisdiction of the district court for the reason that the funds

referred to in said motion were not a part of, or the proper subject matter of the action therein, said action being an appeal of a claim filed by the plaintiff against the County of Sarpy; for the further reason that the county treasurer of Sarpy County was not a party to the action and was not made a party to the motion filed by the interveners; for the further reason that the law provided that the funds referred to were taxed as costs and awarded to the defendant, Sarpy County, in the individual tax foreclosure actions; and that the county treasurer of Sarpy County had distributed the proceeds to the several municipal subdivisions as required by law.

The district court sustained the interveners' motion. The board of county commissioners of Sarpy County by resolution authorized the county attorney to appeal from this order. Motion for new trial was filed by Sarpy County. Thereafter it requested leave to introduce evidence. This request was denied for the reason that no issue of fact was presented in the original motion of the interveners. Leave was then granted the county to refile its motion for new trial, which was overruled and Sarpy County perfected appeal to this court.

The appellant, County of Sarpy, sets forth several assignments of error which may be summarized as follows: That the district court erred in determining that the 10 percent constituting the attorney fees taxed as costs in the tax foreclosure actions could be awarded to the governmental subdivisions; and that the order sustaining the motion of the interveners was contrary to law.

The instant case involved the right of Strawn to recover attorney fees from Sarpy County based on a contract with the county, and a claim against the county seeking payment of the fees. The interveners were not parties to the contract. As shown by the pleadings, they resisted the payment of the attorney fees for the same legal reasons as did the county, and joined with the

county in its defense against paying the same. The pleadings of the interveners fail to raise the issue that the attorney fees here in question should be distributed to the subdivisions of government as tax revenue, as now contended for by them as heretofore indicated. The issue was not in this case.

The following sets forth the manner of distribution of the proceeds in tax foreclosure actions.

Section 77-2039, C. S. Supp., 1939, provided in part: "From the proceeds of the sale of any separate parcel the costs charged thereto shall first be paid. The balance thereof, or so much as is necessary, shall be paid to the governmental subdivisions entitled thereto to discharge of their claims. If a surplus remains after satisfying all costs and taxes against any particular parcel it shall be paid by the clerk of the court to the person entitled thereto. If the proceeds are insufficient to pay the costs and taxes, the amount remaining shall be pro-rated among the governmental subdivisions."

In the case of County of Sarpy v. Gasper, *supra,* the 10 percent attorney fees taxed as costs in the tax foreclosure actions were awarded to Sarpy County. Therefore, insofar as the attorney fees are concerned, there has been an adjudication the effect of which is that they are not considered as tax revenue for the purpose of distribution to the subdivisions of government as contended for by the interveners.

The following is also applicable. The general rule is that where a suit is dismissed, or a nonsuit ordered, it carries the parties and the entire cause of action out of court, and all further proceedings in the action are unauthorized, until the judgment of dismissal or nonsuit is vacated and the cause reinstated, except to render a judgment or decree for costs or to make such order or decree in the cause as may be necessary to effectuate the judgment terminating the cause, and except on appeal. See, 27 C. J. S., Dismissal and Nonsuit, § 77, p. 261; Schroeder v. Bartlett, 129 Neb. 645, 262 N. W. 447.

We conclude the district court erred in sustaining the interveners' motion and in entering an order directing distribution of the attorney fees taxed as costs in the tax foreclosure actions to the subdivisions of government as tax revenue.

For the reasons given herein, the judgment is reversed and the cause remanded with directions to enter judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.