Gibson v. Sherman County.

---

W. T. GIBSON, APPELLANT, v. SHERMAN COUNTY ET AL., APPELLEES.

FILED OCTOBER 16, 1914. No. 17,729.

1. Appeal: SUFFICIENCY OF PLEADINGS. Upon appeal to this court in a law case, when there are no special findings, no motion for new trial, and no bill of exceptions, the only question presented is as to the sufficiency of the pleadings to support the judgment.

2. Counties: CLAIMS: DEFENSES. The statute provides that claims against a county must be filed with the county clerk, who is also the clerk of the board of supervisors. If the record shows that a claim was before the board and acted upon, it is no defense upon appeal to the district court that the record fails to show that the clerk indorsed his filing upon the claim.

3. ———: ———: PLEADINGS. Formal pleadings are not necessary in presenting a claim to the county board. The statement in the claim before the county board of the contract to furnish materials, and that they were furnished and accepted and not paid for, would be all the pleading that would be necessary.

4. Constitutional Law: REMEDIAL LEGISLATION: CLAIMS AGAINST COUNTIES. If one sells articles to the county, necessary for the public use, and the same are received and used by the county, such sale, although prohibited by chapter 55, laws 1905, there being no money in the county treasury with which to pay for such articles when such contract of purchase is made, is not *malum in se*.

A subsequent act of the legislature authorizing the county to pay for the same is not void as an exercise of judicial power; nor is such statute a violation of section 15, art. III of our constitution, nor the fourteenth amendment of the federal constitution.

5. ———: ———: Res Judicata. Such subsequent act of the legislature is not a review and reversal of a judicial decision previously rendered disallowing the claim because of the bar of the former statute, its purpose and scope being to remove the claimant's disability to prosecute his claim; and such former decision is not an adjudication of the claim prosecuted under the subsequent statute.

6. Limitation of Actions: Claims against Counties. Such claim is not barred by the statute of limitations until four years from the subsequent act authorizing the county to pay the same.

7. Counties: Claims: Appeal. If the county recognizes its moral liability for the property so taken and used, and the county board allows the claim, such action should not be set aside upon appeal of a taxpayer.

Appeal from the district court for Sherman county: Bruno O. Hostetler, Judge. *Reversed.*

E. C. *Strode* and M. V. *Beghtol,* for appellant.

R. J. *Nightingale,* H. S. *Nightingale* and R. P. *Starr,* contra.

Sedgwick, J.

This is an appeal from a judgment of the district court for Sherman county. It appears from the partial record before us that in the year 1906 plaintiff furnished materials for the construction of a bridge for Sherman county at the agreed price of $512.24. Afterwards he presented his claim to the county board for allowance, and it was allowed in full. From the action of the board a taxpayer took an appeal to the district court, where the action of the county board was reversed and the claim disallowed. The plaintiff has appealed to this court.

There is no bill of exceptions in the case. Two days after the final adjournment of the court, but within three days of the entry of the judgment, a motion for new trial was filed, which was afterwards stricken from the files be-

cause filed after the adjournment of the term.   The statute provides: "The application for a new trial must be made at the term the   *   *   *   decision is rendered." Rev. St. 1913, sec. 7884.   The record recites that the case was taken under advisement upon the evidence and typewritten briefs, and it was decided afterwards on the 26th day of March, 1912.   The plaintiff insists that there was no regular continuance of the case to that day, and that there was no regularly adjourned session of court then held, and that neither he nor his attorneys had any notice that the case would be then decided, and so the plaintiff was unlawfully deprived of his right to file his motion.   If these facts were fully shown in the record, we might be called upon to determine whether such action by the court was reversible error, or plaintiff should proceed by proceedings in equity, or was without remedy, but no sufficient facts are shown to present the question.   There were no special findings.   Under these circumstances the question presented by this record is whether the plaintiff was entitled to recover upon the pleadings.   The petition alleged: "That on or about the 13th day of October, 1906, this plaintiff furnished to the defendant, county of Sherman, the following articles at an agreed price, which articles, together with the agreed prices thereof, which prices are the reasonable worth and value of said articles, were:

"1 span 40 ft. long, under truss at $7.63 per ft...$305.20
"2   "    32 ft. long piling and stringers at $6.47
  per ft. .....................................$207.04

$512.24

"That said articles, known as the Reinertson bridge, were furnished at the special instance and request of the defendant Sherman county, and were furnished and delivered in every manner according to the directions of said county of Sherman at the point and place directed and requested by said county.   That said Reinertson bridge has been accepted and used daily by the said county of Sherman and the taxpayers thereof, and that the said county

97 Neb. 6

of Sherman has never objected to the building, erection, or use of said bridge." The answer admits these allegations and sets up specially alleged defenses. In the briefs it is conceded that the petition states a cause of action. The question then is whether the answer states a defense.

The only defenses relied upon in the brief are want of jurisdiction, the statute of limitations, former adjudication, and the unconstitutionality of the special act of the legislature upon which plaintiff relied.

1. The reason the court had no jurisdiction is stated to be that the record does not show that the claim was filed with the county clerk, but the record shows that the claim was acted upon by the county board, which could not have been done unless it was filed before them, and that is a complete answer to that objection. It appears from the answer that in March, 1907, the plaintiff filed this claim with the county board for allowance, and the board allowed the same, and upon appeal to the district court by a taxpayer the action of the county board was reversed and the claim dismissed.

On April 3, 1909, the legislature passed an act authorizing the county board to pay the debt. Laws 1909, ch. 178. On the 16th of November, 1910, plaintiff again presented his claim, which was again allowed, an appeal taken therefrom by the taxpayer, and the order of the county board again reversed, from which judgment of reversal this appeal is prosecuted.

The plaintiff alleges this act of the legislature in the petition, but the claim as filed with the county board did not contain such allegation. The defendants' attorneys insist that the plaintiff cannot now rely upon this act because of his failure to allege the same before the county board. As we understand it, this objection is substantially that the plaintiff is now prosecuting a different cause of action from that presented to the county board. Formal pleadings are not necessary in presenting a claim to the county board. The statement in the claim before the county board of the contract to furnish these materials,

and that they were furnished and accepted and not paid for, would be all the pleading that would be necessary.

2. The defendants admit in their brief that, "if the special act had been pleaded in the proceedings before the county board, and had been shown to apply to this particular claim, then the bar of the statute would be removed." The cases cited seem to hold that such an act is valid, and it appears that this court and the supreme court of the United States have also held that in Nebraska such an act is valid. *Commissioners of Jefferson County v. People,* 5 Neb. 127; *Read v. Plattsmouth,* 107 U. S. 568.

3. Chapter 55, laws 1905, is entitled "An act to prevent the illegal expenditure of public funds," and section 3 of the act provides: "No judgment shall hereafter be rendered by any court against any such county in any action brought to recover for any article, public improvement, material, service or labor contracted for or ordered in contravention of any statutory limitation, or when there are or were no funds legally available at the time, with which to pay for the same, or in the absence of a statute expressly authorizing such contract." The district court upon appeal from the first allowance of the plaintiff's claim by the county board reversed the order of the county board allowing the claim, because there were no funds with which to pay the claim legally available at the time the plaintiff entered into the contract with the county, basing its decision upon the provision of the statute above quoted. The taxpayer who resists the claim now insists that the act of 1909 was invalid, because it attempted to reverse the judgment of the district court, and so was an attempted exercise of judicial powers; and, second, because it violated section 15, art. III of the constitution; and, third, because it "contravenes the fourteenth amendment to the federal constitution, which provides that no state shall deprive any person of property without due process of law." In *Ewell v. Daggs,* 108 U. S. 143, the action was to foreclose a real estate mortgage and the defense was a plea of usury. The contract was usurious under the law of Texas at the time it was entered into. Afterwards, the

usury law was abolished. The court said: "A distinction is made between acts which are *mala in se*, which are generally regarded as absolutely void, in the sense that no right or claim can be derived from them; and acts which are *mala prohibita*, which are void or voidable, according to the nature and effect of the act prohibited. *Fletcher v. Stone*, 3 Pick. (Mass.) 250. It was accordingly held in Massachusetts that a mortgage or assurance given on a usurious consideration was only voidable, notwithstanding the strong words of the statute. *Green v. Kemp*, 13 Mass. *515. And, in such cases, the advance of the money, although the contract is illegal for usury, is a meritorious consideration, sufficient to support a subsequent liability or promise, when the positive bar of the statute has been removed. 'A man by express promise may render himself liable to pay back money which he had received as a loan, though some positive rule of law or statute intervened at the time to prevent the transaction from constituting a legal debt.' *Flight v. Reed*, 1 H. & C. (Eng.) 703. The effect of the usury statute of Texas was to enable the party sued to resist a recovery against him of the interest which he had contracted to pay, and it was, in its nature, a penal statute inflicting upon the lender a loss and forfeiture to that extent. Such has been the general, if not uniform, construction placed upon such statutes. And it has been quite as generally decided that the repeal of such laws, without a saving clause, operated retrospectively, so as to cut off the defense for the future, even in actions upon contracts previously made. * * * And these decisions rest upon solid ground. Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the act, the more general and deeper principle on which they are to be supported is that the right of a defendant to avoid his contract is given to him by statute, for purposes of its own, and not because it affects the merits of his obligation; and that whatever the statute gives, under such circumstances, as long as it remains *in fieri*, and not realized by having passed into a completed transaction, may, by a subsequent

statute, be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which, contrary to law, he actually made, is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur. That principle has been repeatedly announced and acted upon by this court."

In the case at bar the plaintiff furnished to the county full value for the amount of his claim. The county accepted, retained, and still has and is using the property so obtained. The statute at the time deprived the plaintiff of any remedy, and the district court so held. The subsequent act of the legislature was not a determination that the district court was in error in so holding, but its purpose and effect was to remove the bar to the remedy. The county has received full value, which, if the contract is invalid, still imposes a moral obligation to remunerate plaintiff, and there is no doubt, under the authorities, that it was competent for the legislature to remove the technical bar of the statute, and, in doing so, would not exercise any judicial function. It is equally clear that this statute does not deprive the county of property without due process of law. The county has not resisted the payment of this claim. By its constituted authorities it has always recognized its moral obligation to pay the value of the goods received from the plaintiff and used by it for the public benefit. The legislature has removed the only legal impediment to so doing, and it ought not to be prevented from doing what justice and equity require. The right of a taxpayer to appeal from the allowance of claims by the county board was not given by the legislature for such purpose.

As to the defense of former adjudication, it appears that the act of the legislature itself recites that the reason of the former adverse judgment of the district court was that there was no money in the treasury with which to pay the claim. No other ground for the decision appears in the record, and the claim being just, and it being con-

ceded that it is wholly unpaid, the act of the legislature would be as competent to remove this objection as any other. None of the matters relied upon amount to a defense, and it appears that the plaintiff was entitled to a judgment upon the pleadings.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.

Rose, J., not sitting.

Letton, J., dissenting.

While the result in this case is probably desirable from a moral and equitable standpoint, it seems to me that the decision is in direct conflict with law. Chapter 55, laws 1905 (Rev. St. 1913, secs. 1104-1106), is entitled "An act to prevent the illegal expenditure of public funds." Section 3 of the act, as far as material, provides: "No judgment shall hereafter be rendered by any court against any such county in any action brought to recover for any article, public improvement, material, service or labor contracted for or ordered in contravention of any statutory limitation, or when there are or were no funds legally available at the time, with which to pay for the same, or in the absence of a statute expressly authorizing said contract."

The material was furnished to Sherman county after this act took effect. It seems to me that the district court obeyed this statute, and that this court has no authority to ignore it and virtually direct a verdict for the plaintiff. The special act authorizing the county board to pay the claim could not repeal, amend, or affect the mandatory provisions of this act which apply to the duty of courts, since none of the constitutional provisions with reference to the repeal or amendment of laws were followed in its enactment.

The act of 1905 was evidently designed to put upon inquiry every person who thereafter dealt with a county board or board of supervisors as to the legality of the proposed contract. It was a direct notification that, un-

less the contract was authorized, was not in contravention of any statutory limitations, and there were funds legally available at the time, it should be "wholly void as an obligation against said county." The purpose of the statute is beneficial. In my opinion it should be obeyed by this court, as well as by all other courts in the state. For these reasons, I dissent from the opinion, and think the judgment of the district court should be affirmed.