LYMAN G. WHEELER, APPELLEE, v. CITY OF OMAHA, APPELLANT.

FILED JANUARY 15, 1924. No. 22622.

1.  Municipal Corporations: "OFFICIAL BONDS." In the Omaha charter the provision that the cost of all official bonds shall be paid from the general funds of the city includes premiums paid by a policeman for his bond as such. Rev. St. 1913, sec. 4172.

2.  ———: "CLAIMS:" POLICEMEN'S BONDS: PREMIUMS. Under the Omaha charter the premium paid by a policeman for his official bond is a claim which must be filed with the comptroller as a condition of allowance by the council. Rev. St. 1913, sec. 4395, Comp. St. 1922, sec. 3712.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Dana B. Van Dusen* and *John F. Moriarty,* for appellant.

*Baker & Ready, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is an action to recover premiums paid by policemen of the city of Omaha for their official bonds. The individual claim of plaintiff, a policeman, and the claims of other policemen assigned to him aggregate $6,640, for which judgment is demanded. Liability of the city of Omaha, defendant, is asserted under chapter 3 of the city charter, relating to official bonds, one provision thereof being in this form:

"Unless otherwise specified by this chapter, all official bonds shall be executed by one or more surety or guaranty companies of recognized or established responsibility and the cost thereof shall be paid from the general fund of the city." Rev. St. 1913, sec. 4172.

Liability of the city was denied on the ground that the term "official bonds" as thus used does not include the bonds of policemen. From a judgment in favor of plaintiff for $6,640, defendant has appealed.

Does the charter require the city to pay the premiums? In arguing the negative of the question, counsel for the city refer to a number of statutory provisions to show that policemen are not within the class of officers mentioned in that part of the statute quoted. The position thus taken, when the entire charter is considered, does not seem to be tenable. A policeman is an officer. He is required to give an official bond. The term "all official bonds" is general. The charter contains no specific limitation excluding official bonds of police officers. This view is in harmony with former impressions of the official status of policemen under the Omaha charter. *Rooney v. City of Omaha,* 104 Neb.

260, 105 Neb. 447. In so holding the trial court did not err.
The judgment, however, must be reversed for the reason that plaintiff did not file his claim with the city comptroller. The charter provides that "all claims against the city must be filed with the city comptroller." Provision is also made for an appeal from the council's disallowance of a claim. Rev. St. 1913, sec. 4395, Comp. St. 1922, sec. 3712. The claim of a policeman for premiums paid for his official bond clearly falls within the expression "all claims against the city." The filing of the claim with the comptroller is made a condition of allowance by the council. Plaintiff did not comply with these provisions of the charter and was not entitled to a recovery in this action. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.