No. 32,574

R. Y. Harlow, *Appellant*, v. School District No. 19 in Seward County, *Appellee*.

(53 P. 2d 467)

Opinion filed January 25, 1936.

*Rellis Eastman,* of Liberal, for the appellant.
*John C. King,* of Liberal, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: The action was one by plaintiff to recover from the school district compensation for transporting his children to school, and compensation for services as an officer of the district. Judgment was rendered for defendant on an agreed statement of facts, and plaintiff appeals.

Plaintiff was clerk of the school board of the district for three years, ending May 26, 1933, the day on which the annual school district meeting was held. On May 31 he presented to the board a written claim, embracing four items, totaling $257.55. On the same day the board rejected the claim. On July 14, 1933, plaintiff commenced an action before a justice of the peace for the sum claimed, and recovered. The school district appealed to the district court, with the result stated.

During the school year 1930-1931, plaintiff transported his children to school and said nothing about compensation for that year until May 31, 1933.

Plaintiff transported his five children to school during the school year 1931-1932. After school was out, he claimed compensation, which was paid, except as to one boy, who was more than sixteen years of age. The statement of agreed facts does not show the sum paid was objected to as insufficient in amount.

For the school year 1932-1933 the school district made provision for transportation of plaintiff's children, but on the first day of

school plaintiff refused to accept the means of transportation provided.

Shortly before plaintiff ceased to be a member of the board he conceived the notion the school district owed him for official services.

Plaintiff's entire claim was one which should have been presented to the school district board on or before May 15, 1933, pursuant to the cash-basis law, which took effect March 31, 1933. (Laws 1933, ch. 319.)

The school district had no indebtedness except that to plaintiff, and plaintiff says the school district had funds with which to pay him. The cash-basis law does not require refinancing in such cases, but contemplates payment. (§ 2.)

Plaintiff says the notice required by the cash-basis law was not given. Plaintiff was a member of the school board at the time the school district was required to ascertain its financial condition, and at the time notice was required, and cannot take advantage of any procedural delinquency of the board in respect to compliance with the cash-basis law.

At a meeting of the school-district board held on May 13, two days before expiration of the time within which unknown creditors might present claims, plaintiff made an oral demand for compensation for transportation for the year 1932-1933, and for salary. On the same day the claim was rejected. If plaintiff intended to insist on his demand he should have presented a duly verified voucher, covering the claim, on or before May 15. (§ 4.)

The time allowed by the statute for presentation of claims by creditors was plainly not too short for plaintiff. It is presumed he knew the law (*Drum v. French,* 138 Kan. 277, 25 P. 2d 579), and not having complied with the law, he may not recover.

The judgment of the district court is affirmed.