(No. 25690.—

JOSEPH WENCPAL, Appellant, *vs.* LOUIS KIZAS *et al.* Appellees.

*Opinion filed October 11, 1940.*

HAROLD O. MULKS, for appellant.

JOHN M. MAHONEY, and LOUIS KIZAS, (EDWARD MC-TIERNAN, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from an order of the superior court of Cook county dismissing plaintiff's second amended complaint for want of equity. It was alleged in that complaint that Joseph Wencpal had a judgment for $6000 against Salomia Wencpal (his former wife) and that the defendants Louis Kizas and Victor Kizas, sons of Salomia Wencpal by a former marriage, held title to certain real estate in reality as trustees for Salomia Wencpal, but entirely without beneficial interest in themselves and pursuant to a fraudulent conspiracy to prevent plaintiff from collecting his judgment.

The prayer of the second amended complaint was that Salomia Wencpal be decreed to be the actual owner of the property in question, that Louis and Victor Kizas were without interest therein, that the conveyances to Victor and Louis Kizas had been procured by fraud, that the plaintiff have an inchoate right of dower in the premises and that the same be subjected to the lien of plaintiff's judgment to be sold for the satisfaction thereof. By an amendment to the complaint at the time it was dismissed for want of equity the plaintiff was given leave to withdraw that part of it praying for dower in the premises.

Although neither party to this litigation questions our jurisdiction it is necessary that we do so of our own motion, because neither their consent nor their desire that we consider the case can confer jurisdiction upon this court if we have it not. (*Prudential Ins. Co.* v. *Hoge,* 359 Ill.

36.) Proceedings involving the existence or enforcement of liens on real estate do not involve a freehold even though the litigation may result in the loss of a freehold, as no freehold is involved if the defendant may arrest the proceeding, defeat the object of the suit and prevent a disturbance of his title by making payment or doing some act to stop the sale. *Kagy* v. *Luke,* 357 Ill. 512.

It is apparent that appellant has inadvertently taken this appeal to the wrong court, and the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*