CONSOLIDATED CHEMICAL LABORATORIES, APPELLANT, V. CASS COUNTY, APPELLEE.

3 N. W. (2d) 920

FILED MAY 22, 1942.   No. 31272.

*Howard Saxton* and *Robert Saxton,* for appellant.

*Walter H. Smith, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to collect from Cass county, defendant, an unpaid account or claim of $502.64 for soap, disinfectants and other jail-cleaning supplies ordered by the sheriff, sold by Consolidated Chemical Laboratories, plaintiff, and delivered. The claim was presented to the county board of Cass county and disallowed. Plaintiff appealed to the district court where the claim was again disallowed. From the

judgment of the district court plaintiff appealed to the supreme court.

The following facts are shown by the petition and by attached exhibits filed in the district court: The items enumerated in plaintiff's claim were sold to defendant through the sheriff between October 30, 1936, and April 29, 1937. The claim was filed in the office of the county clerk January 18, 1938. It was disallowed by the county board December 13, 1938.

The petition was attacked by general demurrer, which was sustained on the ground that the claim was not filed with the county clerk within 90 days from the date of the furnishing of the last item of supplies—the period limited by statute. Plaintiff refused to plead further and the action was dismissed.

By the appeal, this question is presented: ˙ Did the trial court err in sustaining the demurrer? In 1935, before the claim of plaintiff arose, the legislature amended existing law to provide:

"All claims against a county must be filed with the county clerk within ninety days from and after a time when any materials or labor, which forms the basis of the claim, shall have been furnished or performed." Laws 1935, ch. 50, sec. 1; Comp. St. Supp. 1939, sec. 26-119.

Plaintiff argues that the word "must" in the foregoing language should be construed to mean "may" and that otherwise the legislation is unconstitutional. Powers and duties of counties and of county officers come from the lawmakers and the context shows that they did not leave it to the discretion of claimants or county officers to say when claims shall be filed with the county clerk for allowance. The sheriff is not an officer with power to allow claims against the county. The petition shows that he ordered and received the supplies in controversy, but it fails to allege he presented the claim of plaintiff to the county board. In the connection used, the language of the statute containing the word "must" is mandatory and too plain for construction.

It is argued further that the provision quoted, if manda-

488

tory, is unreasonable in requiring claimant to file its claim with the county clerk within 90 days after the date on which the last item was furnished. The petition shows that the invoices were presented to the sheriff promptly. The same diligence would have resulted in the filing of the claim with the county clerk in due time. A merchant dealing with counties and county officers must note and respect their powers and duties. It was for the legislature to say when the claim for sanitary supplies for the county jail should be filed with the county clerk. Opportunity for inspection when knowledge is available may have been a legislative safeguard for protection of the public. There is nothing substantial in the record or argument to show that the time limited by the legislature is unreasonable.

The validity of the legislation is questioned also on the ground that the limitation quoted is not within the title of the act. The title is one for an act to amend section 26-119, Compiled Statutes of 1929, relating to claims against counties, and "to fix the time for the presentation of claims against counties." The limitation therefore is strictly within the title. Other objections to the act as unconstitutional are found to be without merit.

The petition shows on its face that the claim of plaintiff was not filed with the county clerk within the time limited by law. For that reason the demurrer was properly sustained.

AFFIRMED.