KATHRYN GEORGE, APPELLANT, v. SCHOOL DISTRICT No. 24 OF RED WILLOW COUNTY, APPELLEE.

61 N. W. 2d 401

Filed December 18, 1953. No. 33387.

*Van Pelt, Marti & O'Gara, Robert D. McNutt* and *La-Fayette D. Hurley,* for appellant.

*Fred T. Hanson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Kathryn George, originally filed this action in county court seeking recovery of allowance for school pupil transportation from defendant, School District No. 24 of Red Willow County, under the provisions of section 79-490, R. R. S. 1943. Her petition contained two causes of action, one upon a claim in her own behalf, and the other upon a claim of W. K. Coghill, who assigned the same to plaintiff. Fundamentally, the two claims are identical in principle and controlled by like propositions of law. Hereinafter the parties will be designated as plaintiff and plaintiff's assignor, or Mr. Coghill, and defendant district.

The county court, after hearing, rendered a judgment for defendant, and plaintiff appealed to the district court. There, after a hearing, jury waived, the trial court also rendered judgment for defendant and dismissed plaintiff's action primarily upon the ground that plaintiff and her assignor had failed to file their claims with defendant's district board for payment monthly, as required by section 79-491, R. R. S. 1943. Plaintiff's motion for new trial was overruled, and she appealed, assigning insofar as important here that the trial court erred in finding that the aforesaid statute was mandatory and that plaintiff and her assignor, having failed to file written claims for transportation allowances for payment monthly, could not recover. We conclude that the assignment has

no merit. There were other assignments of error but discussion thereof is not required in order to dispose of the case upon its merits. In other words, whether or not under the circumstances plaintiff and her assignor could have selected any other school except district No. 4 at the expense of defendant district the trial court was not and this court is not required to answer in order to pass upon and dispose of plaintiff's right to recover. No claim for tuition is involved in this case.

The pertinent controlling facts are not in dispute. Plaintiff and her assignor were both residents in and electors of defendant district. Plaintiff, who is divorced, had a daughter in beginner's grade and Mr. Coghill had a son in second grade. Plaintiff lived from 2 to 2½ miles one way from the school house in defendant district, and 2 miles one way from the school house in district No. 4, where, as hereinafter observed, her child could have attended school during the 1949-1950 school year. However, plaintiff was a teacher in district No. 121 and had personally arranged with its board to have her child attend that school. The child was in fact one of plaintiff's students there. Such school was 7 miles one way from plaintiff's home, so she transported her child back and forth to and from that school, and herein sought recovery for such transportation.

Mr. Coghill, plaintiff's assignor, lived from 1¼ to 1½ miles one way from the school house in defendant district, and 1 mile one way from the school house in district No. 4, where, as hereinafter observed, his son could have attended school during the 1949-1950 school year. However, he had personally arranged with the school board of district No. 121 to have his son attend that school. His son was also one of plaintiff's students. Such school was 6 miles one way from Mr. Coghill's home, so his child was transported back and forth to and from that school, and plaintiff, as assignee of his claim, herein sought recovery for such transportation.

Defendant district had discontinued conducting school

about 15 years previously, and at that time had made a written contract for instruction of its pupils in and with school district No. 4. However, ever since that time they have not made written contracts as required by section 79-486, R. R. S. 1943, but have each year made oral agreements with such district for their instruction. Minutes of some of the intervening regular annual meetings appear in the record, including that held in June 1949, which minutes show that: "We agreed to send to Marion as we have for several years and pay 10¢ per mile per family." "Marion" was simply another name by which district No. 4 is known.

In that connection, there is competent evidence that at the June 1949 annual meeting of defendant district, a majority present voted to contract with school district No. 4 for the instruction of defendant district's pupils during the 1949-1950 school year, and at that meeting Mr. Coghill was elected treasurer of defendant district's school board. Be that as it may, he had sent his son to district No. 121 the year before, and had, before defendant district's annual meeting, already decided to send his son there again during the 1949-1950 school year. At that meeting he told those present that he was going to send his son there again whether or not defendant district had school or decided to send its pupils to district No. 4.

Pursuant to the action at such meeting and within about one week thereafter, the board of defendant district made an oral contract with the board of district No. 4 whereby the latter agreed to furnish instruction to defendant district's pupils. Thereafter, district No. 4 held school during the 1949-1950 school year, and was at all times ready and willing to furnish instruction to the children of both plaintiff and Mr. Coghill or to any other pupils from defendant district who presented themselves for such instruction. As a matter of fact, district No. 4 did furnish such instruction to at least one pupil from defendant district for at least part of that year.

Nevertheless, plaintiff and her assignor took their children to school district No. 121. In that regard, no statements of attendance or transportation trips actually made were ever filed monthly with the board of defendant district or the secretary thereof by the teacher of district No. 121, but a record of their attendance for the entire school year, executed and signed by the superintendent of schools, at plaintiff's request, was presented to Mr. Coghill, treasurer of defendant district, on May 23, 1950, prior to the 1950 annual meeting. It is clear, however, that such attendance record was in no actual sense or legal effect a claim for transportation services. There is some evidence that about once a month plaintiff made oral demands upon Mr. Coghill, the treasurer, and he likewise made oral demands upon certain members of defendant district's board for payment of transportation, but, without any logical reason or excuse therefor, neither plaintiff nor Mr. Coghill ever filed or attempted to file any written claims for transportation monthly or otherwise with defendant's board or any member thereof, and the board consistently refused to recognize the validity of their demands.

In 1941, section 79-1902, C. S. Supp., 1939, was amended among other things to include the provision: "Provided, all claims for transportation allowance shall be filed for payment monthly; and provided further, no action for recovery on any claim for transportation allowance shall be brought after twelve months from the last day of any month of actual attendance for which attendance is claimed; * * *." Laws 1941, c. 163, § 1, p. 650.

It appears, however, that Laws of Nebraska, 1949, c. 256, p. 689, revised, adopted, and established a code of laws for the state relating to schools, provided for their administration and enforcement, and repealed certain designated statutes, including "all of Chapter 79, Revised Statutes of Nebraska, 1943," and "all amendments thereof contained in the Revised Statutes Supplement, 1947, * * *." In that part of such code having applica-

tion to all schools, now designated as Chapter 79, article 4, R. R. S. 1943, appears a separately reenacted section 129, now designated as section 79-491, R. R. S. 1943, which reads: "All claims for transportation allowance shall be filed for payment monthly. No action for recovery on any claim for transportation allowance shall be brought after twelve months from the last day of any month of actual attendance for which attendance is claimed." Such section was doubtless originally enacted and reenacted to make more workable and clarify provisions relating to transportation allowances, to give school boards timely opportunity to investigate, audit, and act upon such claims, to eliminate the possibility of litigation arising thereunder, such as that at bar, and to permit districts to stay within their expense estimates.

As we view it, section 79-491, R. R. S. 1943, is now all-inclusive of all such claims for school pupil transportation under whatever section of the related statutes the claims therefor are made. It is not ambiguous in any logical sense when read and considered in connection with other sections in pari materia therewith, as must be done. Clearly, an oral claim cannot be filed, so it must be in writing and actually timely filed with the proper district board either at a meeting or with some available member thereof, preferably the secretary, who prepares an accurate account of all expenses incurred, to be audited by the president and treasurer and paid out of the general fund on their written order (§ 79-440, R. R. S. 1943), who is clerk of the district board and of all district meetings (§ 79-456, R. R. S. 1943), and who records all proceedings of the district in a book furnished by it, kept for that purpose, and safely preserves and keeps all books and papers belonging to his office (§ 79-457, R. R. S. 1943).

That such claims for transportation "shall be" so filed for payment monthly" clearly means that they must be filed for payment during the calendar month following

the one in which the claimed transportation services were performed.

The decisive question presented then is whether or not that part of section 79-491, R. R. S. 1943, requiring that: "All claims for transportation allowance shall be filed for payment monthly" is a mandatory prerequisite to the recovery of transportation by the person claiming the same. We conclude that it is.

In that connection, we have no case directly controlling the question, but other states have, and by analogy from them and our own cases involving different but comparable statutes, we arrive at the same result by applying like principles.

In Schaut v. Joint School District, 191 Wis. 104, 210 N. W. 270, which involved dismissal of a claim for pupil transportation, it was said: "It is a fundamental rule that where statutes confer a new right, privilege, or immunity and prescribe a mode for the acquisition, preservation, enforcement, or enjoyment, such statutes are mandatory and must be strictly complied with, and where the statute provides the manner and form in which the right to be enjoyed may be acquired, such provisions are likewise mandatory, and if not complied with no right exists. 2 Lewis' Sutherland, Stat. Constr. (2d ed.) § 632, and cases cited; Wilcox v. Porth, 154 Wis. 422, 143 N. W. 165." The statute there involved was different in character but the controlling principle was comparable with that at bar. Harlow v. School District, 143 Kan. 162, 53 P. 2d 467, is almost, if not directly in point. See, also, 79 C. J. S., Schools and School Districts, § 433, p. 324.

This court likewise approved and applied the foregoing principle in Bryant v. Dakota County, 53 Neb. 755, 74 N. W. 313; Swaney v. Gage County, 64 Neb. 627, 90 N. W. 542; Wheeler v. City of Omaha, 111 Neb. 494, 196 N. W. 894; Consolidated Chemical Laboratories v. Cass County, 141 Neb. 486, 3 N. W. 2d 920; Verges v. Morrill County, 143 Neb. 173, 9 N. W. 2d 221. In such last-

cited case, it was said: "It is clear that the claims of plaintiffs are claims which must be examined and settled or 'audited and allowed.' The word 'must' as used in the statute is mandatory both as to the filing and the time within which the filing must be made. See Consolidated Chemical Laboratories v. Cass County, 141 Neb. 486, 3 N. W. (2d) 920. There is no question but that these claims were never filed with the county clerk, nor was an attempt made to file them with the county clerk, nor is there any record of action taken by the county board. This is not a case such as State v. Board of County Commissioners of Cass County, 60 Neb. 566, 83 N. W. 733, where the claim was delivered to the county clerk and that official failed to indorse upon the claim the fact and time of filing. Nor is it similar to Gibson v. Sherman County, 97 Neb. 79, 149 N. W. 107, where there was a record showing action by the board 'which could not have been done unless it was filed before them.' There the record was silent as to filing. Here the record affirmatively shows that there was no compliance with the mandatory provision of the statute."

We therefore conclude that statutes such as that granting allowances for transportation of school children under certain circumstances which confer a new right and prescribe a mode for the acquisition, enforcement, or enjoyment thereof, are mandatory and must be strictly complied with by the party claiming the same before any right of recovery thereunder exists. Plaintiff and her assignor having failed to comply therewith, no recovery can be permitted.

For reasons heretofore stated, the judgment dismissing plaintiff's action should be and hereby is affirmed.

AFFIRMED.