HATTIE E. ADAMS, APPELLANT, V. CITY OF OMAHA, APPELLEE.

139 N. W. 2d 885

Filed February 4, 1966. No. 36079.

Ralph W. Adams, for appellant.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, James E. Fellows, Allen L. Morrow, and P. A. Spenceri, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

On June 9, 1964, the city council of the City of Omaha adopted a resolution declaring a wood frame dwelling owned by the plaintiff to be a public nuisance and ordering and directing the building to be torn down within 30 days from and after the adoption of the resolution. On July 9, 1964, plaintiff filed her petition on appeal in the district court. The petition had a copy of the resolution attached to it marked "Exhibit A" and incorporated by reference. Answer day was August 10, 1964. On July 13, 1964, defendant filed a motion to dismiss for the reason that plaintiff failed to transmit and file a certified copy of the proceedings of the city council with the petition. On July 16, 1964, the plaintiff filed a transcript of condemnation proceedings. The motion to dismiss was sustained and the plaintiff has appealed.

The plaintiff contends that the provisions of section 14-813, R. R. S. 1943, apply rather than the provisions of section 25-1905, R. R. S. 1943. Under the terms of section 14-813, R. R. S. 1943, a transcript is to be filed by answer day and the filing of the transcript is not jurisdictional. Ballantyne Co. v. City of Omaha, 173 Neb. 229, 113 N. W. 2d 486.

The first sentence of section 14-813, R. R. S. 1943, is: "Whenever the right of appeal is conferred by this act, the procedure, unless otherwise provided shall be substantially as follows: * * *." "This act," referred to in

section 14-813, R. R. S. 1943, does not confer the right of appeal in a case involving a resolution declaring a building to be a public nuisance, and section 14-813, R. R. S. 1943, is not applicable to this case.

Section 25-1905, R. R. S. 1943, does apply to the appeal here. Under its provisions, a transcript of the proceedings must be filed with the petition. Section 25-1931, R. R. S. 1943, provides: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of; * * *." The case of Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49, is controlling. The requirement that a plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified within the time specified is mandatory and jurisdictional.

The plaintiff also contends that a copy of the resolution appealed from, attached to the petition as an exhibit, may be treated as a transcript of the proceedings. The filing of a copy of a final judgment or order, not purporting to be a transcript of the proceedings containing it, and without evidence as to its source, does not constitute a transcript of the proceedings within the meaning of section 25-1905, R. R. S. 1943.

The action of the district court was correct and is affirmed.

AFFIRMED.