EARL SCHMITT, APPELLANT, v. CITY OF OMAHA, APPELLEE.
217 N. W. 2d 86

Filed April 4, 1974. No. 39267.

John J. Powers of White, Lipp, Simon & Powers and Marvin L. Green, for appellant.

Herbert M. Fitle, Thomas F. Dowd, Jr., and George S. Selders, Jr., for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

SPENCER, J.

This case involves a claim for full salary payments under a 1967 amendment to section 7.36.195 of the Omaha municipal code. Earl Schmitt is a totally disabled former city fireman who was dropped from the fire department in February of 1958. His previous application for disability benefits in July of 1958 was denied and an action in the compensation court was dismissed. When his claim under the amended ordinance was rejected by the city council on February 13, 1968, plaintiff processed an appeal to the District Court under section 14-813, R. R. S. 1943. Defendant answered, pleaded res judicata, and subsequently moved to dismiss for lack of jurisdiction, on the theory that section 25-1905, R. R. S. 1943, was the only remedy available. The trial court sustained the motion and dismissed the appeal. We affirm.

Plaintiff concedes if a proceeding in error is the only remedy, he did not file a transcript of the proceedings with his petition, as required. We held in Adams v. City of Omaha (1966), 179 Neb. 684, 139 N. W. 2d 885: "The requirement that a plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified within the time specified is mandatory and jurisdictional."

It is, however, plaintiff's contention that the proper procedure is by appeal, as outlined in section 14-813, R. R. S. 1943. Plaintiff argues that his claim for a disability pension is a claim against the city within the ambit of section 14-804, R. R. S. 1943. This section, so far as material herein, reads: "Before any claim against the city, except officers' salaries earned within twelve months or interest on the public debt is allowed, the claimant or his agent or attorney shall verify the same by his affidavit, stating that the several items therein mentioned are just and true and the services charged therein or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount charged and claimed is due and unpaid, allowing all just credits. * * * All claims against the city must be filed with the city comptroller. When the claim of any person against the city is disallowed, in whole or in part, by the city council, such person may appeal from the decision of said city council to the district court of the same county, as provided in section 14-813."

We agree with plaintiff the language of section 14-804, R. R. S. 1943, is broad enough to include pension and disability claims. See Lobeck v. State ex rel. Nebraska Bitulithic Co. (1904), 72 Neb. 595, 101 N. W. 247, which involved almost identical language from section 33 of the Omaha city charter. In that case the court said: "The relators contend that the section above quoted has no application to cases like the one at bar. In other words, that the estimate on which the allowance was made was not a claim within the meaning of said section. We find ourselves unable to assent to this proposition. The law is broad and sweeping in its terms, and was evidently intended to include all claims of every kind and nature requiring for their payment the withdrawal of money from the city treasury, except, of course, officers' salaries, interest on the public debt,

and claims for torts, which are presented and prosecuted in a different manner."

However, as the District Court found, plaintiff was not filing a claim under section 14-804, R. R. S. 1943. That section provides all claims against the city *must* be filed with the city comptroller. This filing is mandatory. See Wheeler v. City of Omaha (1924), 111 Neb. 494, 196 N. W. 894. Plaintiff argues that this point is moot because the city council acted on his request as a claim, and by its conduct waived the requirements of verification and filing with the city comptroller. As Wheeler v. City of Omaha, *supra,* suggests, the city council cannot waive this requirement.

Plaintiff states: "If the form of the claim were imperfect, if it were not filed in conformance with the statutory provisions, the defect should have been pointed out or objected to in a lower tribunal, that is, in the City Council, before any hearing on the merits of the claim was conducted." Defendant's response is the issue was not raised in the lower tribunal because it was not aware plaintiff intended to use section 14-813, R. R. S. 1943, as his appeal procedure until he actually attempted to use it, nor was it aware in the lower tribunal that he was contending his claim was under section 14-804, R. R. S. 1943.

In Watts v. City of Omaha (1969), 184 Neb. 41, 165 N. W. 2d 104, we held that the city council of the city of Omaha acts quasi-judically in processing an application for a full salary disability pension under section 7.36.195 of the Omaha municipal code. We there held the action of the city council is reviewable in District Court by way of petition in error or appeal.

The District Court was in error in holding that petition in error was the only remedy available. It reached the right result, however, because it is obvious plaintiff did not attempt to process his claim in conformity with section 14-804, R. R. S. 1943. Our law is well settled

that a judgment will not be reversed on appeal if the result is correct, merely because the trial court assigned the wrong reason for its decision.

The judgment is affirmed.

AFFIRMED.