L. DWIGHT MOELL, M.D., APPELLANT, V. MENNONITE DEACONESS HOME AND HOSPITAL, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

375 N.W.2d 618

Filed November 1, 1985.   No. 84-782.

Jerald W. Kerl of Andersen & Kerl, for appellant.

James L. Nelson of Carlson & Nelson, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

L. Dwight Moell, M.D., assigns as error the dismissal of his petition following his refusal to amend same after the

sustainment of the demurrers of Mennonite Deaconess Home and Hospital, Inc., and the individual members of its board of directors. The demurrers were based on the grounds that the district court lacked subject matter jurisdiction and that the petition failed to state a cause of action. We dismiss the appeal for lack of jurisdiction.

Neb. Rev. Stat. § 25-806 (Reissue 1979) permits a defendant to question the jurisdiction of a court over the subject matter of a proceeding as revealed by the face of a petition and the instruments attached thereto. *Cagle, Inc. v. Sammons*, 198 Neb. 595, 254 N.W.2d 398 (1977); *Clyde v. Buchfinck*, 198 Neb. 586, 254 N.W.2d 393 (1977).

The facts, as distinguished from the conclusions, alleged in Dr. Moell's petition are that he is a physician licensed by the State of Nebraska, who has practiced medicine at Beatrice in Gage County for 30 years; that Mennonite Deaconess Home and Hospital, which receives federal funds as well as charitable contributions, is a nonprofit, tax-exempt charitable corporation organized and existing under the laws of Nebraska, doing business as the only hospital in Gage County, under the name and style of Beatrice Community Hospital and Health Center; and that the hospital, by and through its board of directors, deprived Dr. Moell of membership on the hospital's medical staff, in violation of the hospital's bylaws. The petition concludes that, as a consequence of the foregoing, Dr. Moell has been deprived of due process of law and of his civil rights. In summary, the petition prays that the action of the hospital's board be reversed and that the hospital be prevented from denying staff membership to Dr. Moell.

Neb. Rev. Stat. § 25-1905 (Reissue 1979) requires that a plaintiff in error "file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified."

It has been held that in a proceeding in error the jurisdiction of the court does not attach until there is presented to it, within the 1-month limitation contained in Neb. Rev. Stat. § 25-1931 (Reissue 1979), a duly authenticated transcript containing the final order or judgment of which complaint is made. *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985); *Anania v. City of*

*Omaha,* 170 Neb. 160, 102 N.W.2d 49 (1960).

Although Dr. Moell's petition alleges that there is attached to it the "transcript of the proceedings . . . which includes the final action of the Defendant Board of Directors on February 8, 1984 . . . ," such is not the fact.

Firstly, we do not find among the various and sundry documents appended to the petition any instrument which purports to constitute the February 8, 1984, action of the hospital's board. It has long been the rule that a transcript on appeal which does not contain a final order or judgment presents nothing for review. *Propeck v. Propeck,* 79 Neb. 218, 112 N.W. 302 (1907). Indeed, the final order or judgment complained of is the very essence of a transcript, for once a certified copy thereof is filed on time, other deficiencies may be supplied thereafter. *Marcotte v. City of Omaha,* 196 Neb. 217, 241 N.W.2d 838 (1976).

Secondly, the documents appended to Dr. Moell's petition are not authenticated in any way and therefore do not in any sense constitute a transcript. It has been held that the mere production of original papers without evidence as to their source does not constitute a transcript within the meaning of § 25-1905. *Adams v. City of Omaha,* 179 Neb. 684, 139 N.W.2d 885 (1966); *Anania v. City of Omaha, supra.* The proper procedure would have been to have the various documents before the hospital's board and the document evidencing the board's action certified by the president or other appropriate officer of the board as being true and correct copies of the documents which were before the board.

We must therefore conclude, without in any way determining whether a proceeding in error constitutes a proper vehicle to review the action of the hospital in any event, that the district court acquired no jurisdiction of the subject matter. Consequently, neither did this court. *Moyer v. Douglas & Lomason Co.,* 212 Neb. 680, 325 N.W.2d 648 (1982).

APPEAL DISMISSED.