383 N.W.2d 773 (1986)
222 Neb. 355
Dale GLUP, Appellant,
v.
CITY OF OMAHA, Through Richard E. COTTAGE, Housing Manager, Housing and Community Development Division, Planning Department of the City of Omaha, Appellee.
No. 85-034.
Supreme Court of Nebraska.
March 28, 1986.
*775 David F. Eaton and James E. Schaefer, of Gallup & Schaefer Law Offices, Omaha, for appellant.
Herbert M. Fitle, Omaha City Atty., and Allen L. Morrow, Omaha, for appellee.
KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and RIST, District Judge, and COLWELL, District Judge, Retired.
SHANAHAN, Justice.
Dale Glup appeals the judgment of the district court for Douglas County, affirming action of the city council of the City of Omaha and dismissing Glup's appeal from the city council's action in declaring a structure on Glup's real estate to be a nuisance on account of fire damage. See Neb.Rev.Stat. § 14-102(32) (Reissue 1983). Omaha is a city of the metropolitan class. Neb.Rev.Stat. § 14-101 (Reissue 1983).
Salient facts appear in the allegations of Glup's petition, as admitted by the city. Situated on the real estate owned by Glup was a one-story "masonry and wood frame" structure which had been damaged by fire. On April 26, 1984, the housing manager of the city's planning department, housing and community development division, held a "condemnation hearing" and declared Glup's structure a nuisance to be torn down and removed. § 14-102(32). Pursuant to the appropriate ordinance, Glup appealed the condemnation to the Omaha City Council, which, on June 12, upheld the action taken by the housing manager on April 26. Glup filed his petition in the district court on July 12 and a praecipe with the city clerk that same day. By his petition Glup sought reversal of the order entered by the city council, that is, a judgment from the district court "quashing the declaration of nuisance and condemnation" issued by the city council. On August 1 Glup filed in the district court a transcript of the proceedings of the city council. In its answer filed on August 16, the city admitted Glup's ownership and the action taken by the city council. There were no further filings by the parties. After an evidentiary hearing on December 12, the action of the city council was "affirmed and [Glup's] appeal dismissed" by the district court. Glup appeals the district court's dismissal. Neb.Rev.Stat. § 25-1905 (Reissue 1979) provides that "[t]he plaintiff in error shall file with his petition a transcript *776 of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." Neb.Rev. Stat. § 25-1931 (Reissue 1979) requires that proceedings in error be commenced "within one calendar month after the rendition of the judgment or making of the final order complained of."
Adams v. City of Omaha, 179 Neb. 684, 139 N.W.2d 885 (1966), disposes of Glup's appeal. In Adams v. City of Omaha, supra, on June 9, 1964, the Omaha City Council declared an owner's structure to be a public nuisance and ordered the building to be torn down. The property owner filed her petition in the district court on July 9 but did not file a certified transcript until July 16. The district court sustained the city's motion to dismiss based on the property owner's failure to file a transcript of the proceedings of the city council within 1 month as prescribed by § 25-1931. The property owner argued to this court that Neb.Rev.Stat. § 14-813 (Reissue 1962) (procedure applicable when a right of appeal is conferred by specified statutes pertaining to cities of the metropolitan class) governed the form of proceedings in the district court. (Section 14-813 (Reissue 1962) is the predecessor of the present § 14-813 (Reissue 1983) and, for the purpose of the present case, contained language identical to the current statute.) In holding that § 14-813 was inapplicable on account of absence of a specific statute authorizing an appeal, this court stated in Adams v. City of Omaha, supra at 686, 139 N.W.2d at 886:
Section 25-1905, R.R.S. 1943, does apply to the appeal here. Under its provisions, a transcript of the proceedings must be filed with the petition.... The case of Anania v. City of Omaha, 170 Neb. 160, 102 N.W.2d 49, is controlling. The requirement that a plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified within the time specified is mandatory and jurisdictional.
As was the statutory framework at the time of Adams v. City of Omaha, supra, in the present case existing statutes pertaining to a metropolitan city's exercise of its power to tear down and remove a fire-damaged structure, as authorized by § 14-102(32), do not confer a right of appeal from exercise of that particular municipal power. Consequently, an error proceeding is the proper method to obtain review of municipal action taken pursuant to § 14-102(32).
In construing §§ 25-1905 and 25-1931 we have repeatedly and consistently held that within 1 calendar month after rendition of the final judgment or order sought to be reversed, vacated, or modified, a petitioner in error must file a petition and an appropriate transcript containing the final judgment or order to be judicially reviewed. See, Fisher v. Housing Auth. of City of Omaha, 214 Neb. 499, 334 N.W.2d 636 (1983); Marcotte v. City of Omaha, 196 Neb. 217, 241 N.W.2d 838 (1976). Timely filing of both items, the petition in error and the certified transcript, is mandatory to confer jurisdiction on a court asked to review a final judgment or order, as provided by § 25-1905. See, Frankforter v. Turner, 175 Neb. 252, 121 N.W.2d 377 (1963); Anania v. City of Omaha, 170 Neb. 160, 102 N.W.2d 49 (1960). Where a proceeding in error pursuant to § 25-1905 is utilized to seek reversal, vacation, or modification of a final judgment or order, jurisdiction of a court does not attach until a petition and certified transcript, containing the final judgment or order, are filed in the court requested to review such judgment or order. See, Moell v. Mennonite Deaconess Home & Hosp., 221 Neb. 168, 375 N.W.2d 618 (1985); Marcotte v. City of Omaha, supra; Anania v. City of Omaha, supra.
In Glup's case the transcript of proceedings of the city council was filed more than 1 month after rendition of the final order and action of the city council, some 20 days after the statutory deadline prescribed by § 25-1931.
*777 Unless a petitioner in an error proceeding demonstrates that lack of a timely filed transcript is the result of failure in performance of a public duty owed by the official charged with preparation or furnishing the transcript, absence of a mandatory transcript prevents or defeats jurisdiction of a court asked to review a final judgment or order. See Marcotte v. City of Omaha, supra. Here, Glup did not request a transcript until July 12, when he filed a praecipe with the city clerk. No justification is offered for failure to supply the transcript in compliance with the jurisdictional requirements applicable in this case.
Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. See Ark. S & L v. Corning S & L, 252 Ark. 264, 478 S.W.2d 431 (1972). Where lack of subject matter jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction sua sponte. See, Stewart v. Herten, 125 Neb. 210, 249 N.W. 552 (1933); Wencpal v. Kizas, 374 Ill. 333, 29 N.E.2d 532 (1940); Board of Trustees v. City of Fort Wayne, 362 N.E.2d 855 (Ind.App.1977).
If the district court in this case did not have jurisdiction over the subject matter of the action, that fact could be raised at any stage of the proceedings, and such jurisdictional deficiency must be recognized by this court, whether formally raised or not, if such jurisdictional defect is apparent on the face of the record. If the district court lacked power to entertain the proceedings and decide the questions raised by such action, this court is equally without power to review the final judgment or order which is the subject matter of the action brought to the district court. See Board, etc. v. Jewett, 184 Ind. 63, 110 N.E. 553 (1915).
"`A petition in error in a district court to test the validity of a final order of an inferior tribunal is an independent proceeding the object of which is to obtain a reversal of the order presented for review. * * * Appellate jurisdiction of a case cannot be conferred upon a court by action of the parties thereto and the absence of such jurisdiction may be asserted at any time during the pendency of the litigation. * * * An appellate court may not consider or decide a case within its appellate jurisdiction unless its authority to act is invoked in the manner prescribed by law. * * * If a district court was without jurisdiction of the subject matter of litigation, this court does not acquire jurisdiction thereof by an appeal to it from a final order of the district court therein.' ..."
Brown v. City of Omaha, 179 Neb. 224, 227, 137 N.W.2d 814, 817 (1965). See, also, Anania v. City of Omaha, supra; Frankforter v. Turner, supra; Harms v. County Board of Supervisors, 173 Neb. 687, 114 N.W.2d 713 (1962). In this case the district court never acquired jurisdiction. Consequently, this court, as well, has no jurisdiction to review the proceedings and action of the city council of the City of Omaha. Although the district court without jurisdiction could not render judgment on the merits as the result of a trial in this case, under the circumstances the judgment of the district court in dismissing Glup's appeal is correct and is, therefore, affirmed.
AFFIRMED.